FILED J N
NOV 2 9 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL COMPUTING, INC., an Illinois corporation, and JONATHAN LIN, | ) | |
| Plaintiffs, | ) | JUDGE HIBBLER |
| v. | ) | 05C 6753 |
| HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation, | ) | MAGISTRATE JUDGE MASON |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Hartford Casualty Insurance Company ("Hartford"), by its attorneys, for its Notice of Removal pursuant to 28 U.S.C. §1441, states as follows:

1. On November 2, 2005, Hartford's insureds, Global Computing, Inc. ("Global"), and Jonathan Lin ("Lin"), Global's president, filed its Complaint for Declaratory Judgment and for Other Relief (the "Complaint") in the Circuit Court for the 18th Judicial Circuit, Du Page County, Illinois. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. In the Complaint, Global and Lin seek a declaration that Hartford has a duty to defend and indemnify Global with respect to a lawsuit filed against them by Microsoft Corporation. The Microsoft suit is pending in the United States District Court for the Northern District of Illinois under Case No. 05 C 5287.

3. In its Complaint attached as Exhibit B to the Complaint herein, Microsoft seeks damages and injunctive relief for Global's alleged infringement of Microsoft's registered copyright and trademarks. The Microsoft Complaint contains eight counts: (1) copyright infringement in violation of 17 U.S.C. §§ 501 *et seq.*; (2) trademark infringement in violation of 15 U.S.C. § 1114; (3) false designation of origin, false description and representation of

Microsoft packaging in violation of 15 U.S.C. §§ 1125, *et seq.*; (4) unfair competition in violation of Illinois common law; (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; (6) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*; (7) constructive trust; and (8) an accounting. In addition to compensatory damages, Microsoft seeks enhanced statutory damages for Global's alleged willful infringement of Microsoft's copyrights, and treble damage for Global's alleged willful violation of Microsoft's registered marks and service mark.

4. In the Complaint herein, Global and Lin seek judgment in an amount exceeding $50,000 (state jurisdictional amount), and an award of attorney's fees and punitive damages pursuant to 215 ILCS 5/154.6.

5. Hartford was served on November 8, 2005, through the Illinois Director of Insurance. Attached hereto as Exhibit B is a true and accurate copy of a letter dated November 9, 2005, from the Director of Insurance, and the enclosed summons.

6. Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

7. Global is an Illinois corporation with its principal place of business in Du Page County, Illinois.

8. Lin is a resident of Illinois.

9. Based on a reasonable reading of the Microsoft Complaint, the amount in controversy in the Microsoft action exceeds $75,000, and therefore the amount in controversy in this action in which Global and Lin seek coverage for Microsoft's claims, also exceeds $75,000.

10. The jurisdictional facts set forth above were applicable on the date of filing of the Global Complaint.

11. Therefore, the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

12. This Notice of Removal has been filed with the Clerk of Court for the Circuit Court of Du Page County, Illinois.

13. Written notice of this Notice of Removal has been provided to counsel for the plaintiff.

Respectfully submitted,

Robert A. Chaney

One of the Attorneys for Hartford Casualty Insurance Company

Jeffrey A. Goldwater, Esq.
Robert A. Chaney, Esq.
Bollinger, Ruberry & Garvey
500 W. Madison St.
Suite 2300
Chicago, IL 60661
(312) 466-8000
(312) 466-8001 (fax)

**CERTIFICATE OF SERVICE**

I, Robert A. Chaney, certify that on November 29, 2005, the foregoing Notice of Removal was served on the counsel listed below by First Class U.S. Mail at 500 W. Madison St., Chicago, Illinois 60661.

Robert A. Chaney

Robert A. Chaney

Timothy J. Klein, Esq.
290 Springfield Dr., Suite 220
Bloomingdale, IL 60108
(630) 893-5200

EXHIBIT

A



957-6.0

Attorney No. 22615

IN THE CIRCUIT COURT FOR THE 18TH JUDICIAL CIRCUIT
DU PAGE COUNTY, WHEATON, ILLINOIS

2005MR001355

Status Date: 03/01/06

Assigned To: 2005

FILED
Nov 02 2005 - 14:48 PM
Chris Kachiroubas
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

GLOBAL COMPUTING, INC. an Illinois corporation, and JONATHAN LIN,

Plaintiffs,

v.

Case No.

HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation,

Defendan

LAW DEPARTME
NOV 14 '05
RECEIVED

CO INT FOR DECLARATORY JUDGMENT
A AND FOR OTHER RELIEF

NOW COME the Plaintiffs, GLOBAL COMPUTING, INC. ("GLOBAL"), an Illinois corporation, and JONATHAN LIN ("LIN"), individually, by and through their attorney in this regard, TIMOTHY J. KLEIN, and for their Complaint against the Defendant, HARTFORD CASUALTY INSURANCE COMPANY ("HARTFORD"), a Connecticut corporation, state as follows:

**Count I: Declaratory Judgment**

1. Plaintiff, GLOBAL, is an Illinois corporation in good standing, with its principal place of business in DuPage County, Illinois.

2. Plaintiff, LIN, is an adult, and the President of GLOBAL.

3. On information and belief, the Defendant, HARTFORD, is a Connecticut corporation, authorized and licensed to transact business in Illinois, and is in the business of providing individuals and businesses, such as the Plaintiffs,

RECEIVED
STATE OF ILLINOIS
NOV 08 2005
9:30 A.M.
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

with insurance.

4. At all times relevant hereto, HARTFORD issued its Policy No. 84 SBA LC7532 ("the Policy") for coverage on the Plaintiffs, with certain applicable limits and exclusions. A copy of the Policy, or as much of it as the Defendant has provided to the Plaintiffs, is attached hereto as Exhibit "A."

5. At all times relevant hereto, Plaintiff, GLOBAL, paid all requisite premiums to HARTFORD to keep coverage under the Policy in force and effect, and complied with the terms of the Policy.

6. The Policy provides coverage for, among other things, advertising injury arising out of the alleged acts of the Plaintiff(s), as well as a duty to defend and/or indemnify them.

7. During a covered period under the Policy, and more specifically during September, 2005, the Plaintiffs herein were made Defendants in an action pending in the United States District Court for the Northern District of Illinois. A copy[1] of that action ("the Federal Court Case") is attached hereto as Exhibit "B."

8. Plaintiffs gave timely notice to HARTFORD of the pendancy of the Federal Court case, as required by the Policy, in the form of a claim (hereinafter "the Claim").

9. The Claim submitted by the Plaintiffs to HARTFORD was denied in its entirety, as reflected in correspondence from HARTFORD dated October 11, 2005, a copy of which is attached hereto as Exhibit "C."

10. HARTFORD is contractually obligated to cover the claim(s) arising against the

[1] Without Exhibits.

Plaintiffs in the Federal Court Case, as they are (in whole or in part, or potentially within) covered events allegedly arising during the term of the Policy.

11. The Plaintiffs have made repeated demands for defense and coverage from HARTFORD, under the terms of the Policy, which HARTFORD has refused to provide.

12. The Plaintiffs have been forced to retain legal counsel in connection with the defense of the Federal Court Case, and in the bringing of this action.

13. By virtue of the foregoing, an actual controversy exists between the Plaintiffs and HARTFORD as to whether (and to what extent) the claims set forth in the Federal Court Case against the Plaintiffs are covered by the Policy.

WHEREFORE, the Plaintiffs pray entry of a Judgment in their favor, and against the Defendant, declaring as follows:

a. That the Policy issued by HARTFORD provides coverage for the Federal Court Case claims, including the defense of that action and/or eventual indemnification of the Plaintiffs;

b. That HARTFORD pay the Plaintiffs' expenses, including their reasonable and necessary attorneys' fees and costs, in connection with this cause; and

c. For such further and different relief as this Honorable Court deems just.

**Count II: Breach of Contract**

1-13. Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 of Count I, as and for paragraphs 1 through 13 of this Count II.

14. By virtue of the foregoing, HARTFORD has breached its obligations to the

Plaintiffs under the Policy.

15. The Plaintiffs have been damaged by HARTFORD's breach, by having to pay for the defense of the Federal Court Case, and the payment of any eventual judgment against them, and by the cost of bringing this action.

WHEREFORE, the Plaintiffs pray entry of a Judgment in their favor, and against the Defendant, in an amount exceeding $50,000.00, and for their costs of suit, plus their reasonable attorneys' fees and costs in bringing this action.

**Count III: Unreasonable and Vexatious Conduct**

1-15. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of Count II, as and for paragraphs 1 through 15 of this Count III.

16. HARTFORD had and has a duty under Illinois law to either (a) defend the Federal Court Case under a reservation of rights, or (b) seek a declaratory judgment. HARTFORD has refused to do either, despite repeated demands by the Plaintiffs.

17. HARTFORD's denial and refusal to comply with the terms of the Policy, and with its duty, constitutes unreasonable and vexatious conduct within the meaning of the Illinois Insurance Code (215 ILCS 5/154.6, 5/155).

WHEREFORE, the Plaintiffs pray entry of a Judgment in their favor, and against the Defendant, in an amount exceeding $50,000.00, and for their costs of suit, plus their reasonable attorneys' fees and costs in bringing this action, and for statutory penalties.

Dated: November 2, 2005

GLOBAL COMPUTING, INC. and
JONATHAN LIN, Plaintiffs

By:____________________
Their Attorney

STATE OF ILLINOIS )
)SS:
COUNTY OF DU PAGE )

**VERIFICATION**

The undersigned, being first duly sworn on oath, states that he is the President of GLOBAL COMPUTING, INC., a Plaintiff in this action; that he is authorized to sign this Complaint For Declaratory Judgment; and that the matters set forth herein are true, to the best of his knowledge and belief.

____________________
Jonathan Lin

SUBSCRIBED AND SWORN
to before me this 2nd day
of November, 2005

____________________
Notary Public

"OFFICIAL SEAL"
TIMOTHY J. KLEIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/13/2006

TIMOTHY J. KLEIN, ESQ.
Attorney for Plaintiffs
290 Springfield Dr., Suite 220
Bloomingdale, IL 60108
(630)893-5200

32
75
LC
SBA

This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the insurance company of The Hartford Insurance Group shown below.

**INSURER:** HARTFORD CASUALTY INSURANCE COMPANY
HARTFORD PLAZA, HARTFORD, CT 06115
COMPANY CODE: 3

THE HARTFORD

**Policy Number:** 84 SBA LC7532 SA

## SPECTRUM POLICY DECLARATIONS

ORIGINAL




**Named Insured and Mailing Address:** GLOBAL COMPUTING, INC.
(No., Street, Town, State, Zip Code)
1785 ARMITAGE COURT
ADDISON IL 60101

**Policy Period:** From 07/11/05 To 07/11/06 1 YEAR
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in Maine, Michigan, New Hampshire, North Carolina.

**Name of Agent/Broker:** ANDERSON, HALL, MARSH & CO. INC.
**Code:** 530275

**Previous Policy Number:** 84 SBA LC7532

**Named Insured is:** CORPORATION

**Audit Period:** NON-AUDITABLE

**Type of Property Coverage:** SPECIAL

**Insurance Provided:** In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy.

**TOTAL ANNUAL PREMIUM IS:** $2,980

EXHIBIT
A

Countersigned by ______________________
Authorized Representative Date

Form SS 00 02 11 93 T Printed in U.S.A. (NS)
Process Date: 04/27/05

 (CONTINUED ON NEXT PAGE)
Policy Expiration Date: 07/11/06

## SPECTRUM POLICY DECLARATIONS (Continued)

**POLICY NUMBER:** 84 SBA LC7532

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001 **Building:** 001

1785 ARMITAGE COURT
ADDISON IL 60101

**Description of Business:**
OFFICE MACHINE EQUIPMENT & SUPPLIES DISTRIBUTOR

**Deductible:** $ 500 PER OCCURRENCE

| BUILDING AND BUSINESS PERSONAL PROPERTY | LIMITS OF INSURANCE |
|---|---|
| BUILDING | |
| | NO COVERAGE |
| BUSINESS PERSONAL PROPERTY | |
| REPLACEMENT COST | $ 263,800 |
| PERSONAL PROPERTY OF OTHERS | |
| REPLACEMENT COST | NO COVERAGE |
| MONEY AND SECURITIES | |
| INSIDE THE PREMISES | $ 10,000 |
| OUTSIDE THE PREMISES | $ 5,000 |

**SPECTRUM POLICY DECLARATIONS (Continued)**

**POLICY NUMBER:** 84 SBA LC7532

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001 **Building:** 001

| PROPERTY OPTIONAL COVERAGES APPLICABLE TO THIS LOCATION | LIMITS OF INSURANCE |
|---|---|
| SUPER STRETCH<br>FORM: SS 04 74<br>THIS FORM INCLUDES MANY ADDITIONAL COVERAGES AND EXTENSIONS OF COVERAGES. A SUMMARY OF THE COVERAGE LIMITS IS ATTACHED. | |
| LIMITED FUNGI, BACTERIA OR VIRUS COVERAGE:<br>FORM SS 40 93<br>THIS IS THE MAXIMUM AMOUNT OF INSURANCE FOR THIS COVERAGE, SUBJECT TO ALL PROPERTY LIMITS FOUND ELSEWHERE ON THIS DECLARATION. | $ 50,000 |
| INCLUDING BUSINESS INCOME AND EXTRA EXPENSE COVERAGE FOR: | 30 DAYS |

*1100284LC75320101 01637

## SPECTRUM POLICY DECLARATIONS (Continued)

**POLICY NUMBER:** 84 SBA LC7532

| PROPERTY OPTIONAL COVERAGES APPLICABLE TO ALL LOCATIONS | LIMITS OF INSURANCE |
|---|---|
| BUSINESS INCOME AND EXTRA EXPENSE COVERAGE<br>COVERAGE INCLUDES THE FOLLOWING COVERAGE EXTENSIONS: | 12 MONTHS ACTUAL LOSS SUSTAINED |
| ACTION OF CIVIL AUTHORITY: | 30 DAYS |
| EXTENDED BUSINESS INCOME: | 30 CONSECUTIVE DAYS |
| TRANSIT COVERAGE:<br>FORM SS 04 30<br>DEDUCTIBLE: $250 | $ 20,000 |
| EQUIPMENT BREAKDOWN COVERAGE<br>COVERAGE FOR DIRECT PHYSICAL LOSS DUE TO:<br>MECHANICAL BREAKDOWN, ARTIFICIALLY GENERATED CURRENT AND STEAM EXPLOSION | |
| THIS ADDITIONAL COVERAGE INCLUDES THE FOLLOWING EXTENSIONS | |
| HAZARDOUS SUBSTANCES | $ 25,000 |
| CFC REFRIGERANTS | $ 25,000 |
| MECHANICAL BREAKDOWN COVERAGE ONLY APPLIES WHEN BUILDING OR BUSINESS PERSONAL PROPERTY IS SELECTED ON THE POLICY | |

 (CONTINUED ON NEXT PAGE)

## SPECTRUM POLICY DECLARATIONS (Continued)

**POLICY NUMBER:** 84 SBA LC7532

| BUSINESS LIABILITY | LIMITS OF INSURANCE |
|---|---|
| LIABILITY AND MEDICAL EXPENSES | $1,000,000 |
| MEDICAL EXPENSES - ANY ONE PERSON | $ 10,000 |
| PERSONAL AND ADVERTISING INJURY | $1,000,000 |
| DAMAGES TO PREMISES RENTED TO YOU ANY ONE PREMISES | $ 300,000 |
| AGGREGATE LIMITS | |
| PRODUCTS-COMPLETED OPERATIONS | $2,000,000 |
| GENERAL AGGREGATE | $2,000,000 |
| EMPLOYMENT PRACTICES LIABILITY COVERAGE: FORM SS 09 01 | |
| EACH CLAIM LIMIT | $ 5,000 |
| DEDUCTIBLE - EACH CLAIM LIMIT NOT APPLICABLE | |
| AGGREGATE LIMIT | $ 5,000 |

**RETROACTIVE DATE:** 07111998

This **Employment Practices Liability Coverage** contains claims made coverage. Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injuries for which claims are first made against the insured while the insurance is in force. Please read and review the insurance carefully and discuss the coverage with your Hartford Agent or Broker.

The Limits of Insurance stated in this Declarations will be reduced, and may be completely exhausted, by the payment of "defense expense" and, in such event, The Company will not be obligated to pay any further "defense expense" or sums which the insured is or may become legally obligated to pay as "damages".

**BUSINESS LIABILITY OPTIONAL COVERAGES**

| | |
|---|---|
| HIRED/NON-OWNED AUTO LIABILITY FORM: SS 04 38 | $1,000,000 |

*1100284LC75320101 01638

 (CONTINUED ON NEXT PAGE)

**SPECTRUM POLICY DECLARATIONS (Continued)**

**POLICY NUMBER:** 84 SBA LC7532

*1100284LC75320101 01639

**Form Numbers of Forms and Endorsements that apply:**

| | | | |
|---|---|---|---|
| SS 00 01 04 93 | SS 00 05 06 96 | SS 00 07 10 02 | SS 00 08 04 01 |
| SS 84 15 03 00 | SS 01 23 03 92 | SS 01 63 03 00 | SS 04 19 06 96 |
| SS 04 30 03 00 | SS 04 38 06 01 | SS 04 39 10 02 | SS 04 41 04 01 |
| SS 04 42 03 00 | SS 04 44 09 93 | SS 04 45 10 96 | SS 04 46 10 02 |
| SS 04 47 10 02 | SS 04 74 09 01 | SS 04 78 04 01 | SS 04 80 03 00 |
| SS 04 86 03 00 | IH 10 01 09 86 | SS 05 07 03 00 | SS 05 09 07 00 |
| SS 05 12 03 92 | SS 05 47 09 01 | SS 09 01 09 00 | SS 09 06 06 01 |
| SS 09 42 07 99 | SS 40 18 03 00 | SS 40 93 10 02 | SS 50 19 06 03 |
| SS 50 30 06 03 | SS 83 76 06 03 | | |

IH 12 00 11 85 ADDITIONAL INSURED - MANAGER/LESSOR



# SUPERSTRETCH SUMMARY

## SUMMARY OF COVERAGE LIMITS

This is a summary of the Coverages and the Limits of Insurance provided by the STRETCH Coverage form SS 04 74 which is included in this policy. No coverage is provided by this summary. Refer to coverage form SS 04 74 to determine the scope of your insurance protection.

| **Blanket Coverage Limit : $150,000** |
|---|
| **Blanket Coverages** |
| Accounts Receivable |
| Computer and Media |
| Debris Removal |
| Personal Property of Others |
| Temperature Change |
| Valuable Papers and Records |

| **Coverage** | **Limit** |
|---|---|
| Backup of Sewer or Drain Water Damage | Included |
| Brands and Labels | Included |
| Claims Expense | $ 5,000 |
| Consequential Loss to Stock | Included |
| Employee Dishonesty (including ERISA) | $ 25,000 |
| Fine Arts | $ 25,000 |
| Forgery | $ 25,000 |
| Increased Cost of Construction (Buildings) | $ 10,000 |
| Laptop Computers Worldwide Coverage | $ 10,000 |
| Newly Acquired or Constructed Property - Building | $1,000,000 |
| Newly Acquired or Constructed - Business Personal Property | $ 500,000 |
| Off Premises Service – Direct Damage | $ 25,000 |
| Outdoor Property ( $1000 limit per item) | $ 25,000 aggregate |
| Outdoor Signs | Included |
| Personal Effects | $ 10,000 |
| Property at Other Premises | $ 10,000 |
| Property Off Premises | $ 25,000 |
| Salespersons' Samples | $ 5,000 |
| Tenants Improvements Due to Ordinance or Law | $ 20,000 |
| Tenants Building Equipment Under Lease | $ 20,000 |
| Transit Coverage | $ 10,000 |
| Valuation Changes | Included |

The following changes apply only if Business Income and Extra Expense are covered under this policy.

| | |
|---|---|
| Business Income at Newly Acquired Premises | $ 250,000 |
| Business Income Extension for Off Premises Service | $ 25,000 |
| Business Income Extension for Web Sites | $ 50,000/7 days |
| Dependent Properties - Anchor Store or Major Supplier | $ 50,000 |





© 2000, The Hartford

*1100284LC75320101 01640

**SPECTRUM POLICY DECLARATIONS (Continued)**

**POLICY NUMBER:** 84 SBA LC7532

**ADDITIONAL INSUREDS:** **THE FOLLOWING ARE ADDITIONAL INSUREDS FOR BUSINESS LIABILITY COVERAGE IN THIS POLICY.**

**LOCATION: 001 BUILDING: 001**

**TYPE: MANAGER/LESSOR:**

**NAME: SEE FORM IH 12 00**

 (CONTINUED ON NEXT PAGE)

*11002841LC75320101 01641

# COMMON POLICY CONDITIONS

# QUICK REFERENCE - SPECTRUM POLICY

## DECLARATIONS
## and
## COMMON POLICY CONDITIONS

### I. DECLARATIONS

Named Insured and Mailing Address
Policy Period
Description and Business Location
Coverages and Limits of Insurance

### II. COMMON POLICY CONDITIONS


| | Beginning on Page |
|---|---|
| A. CANCELLATION | 1 |
| B. CHANGES | 1 |
| C. CONCEALMENT, MISREPRESENTATION OR FRAUD | 2 |
| D. EXAMINATION OF YOUR BOOKS AND RECORDS | 2 |
| E. INSPECTIONS AND SURVEYS | 2 |
| F. INSURANCE UNDER TWO OR MORE COVERAGES | 2 |
| G. LIBERALIZATION | 2 |
| H. OTHER INSURANCE - PROPERTY COVERAGE | 2 |
| I. OTHER INSURANCE - BUSINESS LIABILITY | 2 |
| J. PREMIUMS | 3 |
| K. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US | 3 |
| L. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY | 4 |
| M. SUSPENSION IN COVERAGE | 4 |



*1100284LC75320101 01642

# COMMON POLICY CONDITIONS

All coverages of this policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.
2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
   a. 5 days before the effective date of cancellation if any one of the following conditions exists at any building that is Covered Property in this policy:
      (1) The building has been vacant or unoccupied 60 or more consecutive days. This does not apply to:
         (a) Seasonal unoccupancy; or
         (b) Buildings in the course of construction, renovation or addition.

      Buildings with 65% or more of the rental units or floor area vacant or unoccupied are considered unoccupied under this provision.

      (2) After damage by a Covered Cause of Loss, permanent repairs to the building:
         (a) Have not started; and
         (b) Have not been contracted for, within 30 days of initial payment of loss.
      (3) The building has:
         (a) An outstanding order to vacate;
         (b) An outstanding demolition order; or
         (c) Been declared unsafe by governmental authority.
      (4) Fixed and salvageable items have been or are being removed from the building and are not being replaced. This does not apply to such removal that is necessary or incidental to any renovation or remodeling.
      (5) Failure to:
         (a) Furnish necessary heat, water, sewer service or electricity for 30 consecutive days or more, except during a period of seasonal unoccupancy; or
         (b) Pay property taxes that are owing and have been outstanding for more than one year following the date due, except that this provision will not apply where you are in a bona fide dispute with the taxing authority regarding payment of such taxes.
   b. 10 days before the effective date of cancellation if we cancel for nonpayment of premium.
   c. 30 days before the effective date of cancellation if we cancel for any other reason.
3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.
4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.
5. If this policy is canceled, we will send the first Named Insured any premium refund due. Such refund will be pro rata. The cancellation will be effective even if we have not made or offered a refund.
6. If notice is mailed, proof of mailing will be sufficient proof of notice.
7. If the first Named Insured cancels this policy, we will retain no less than $100 of the premium.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized on behalf of all insureds to agree with us on changes in the terms of this policy. If the terms

are changed, the changes will be shown in an endorsement issued by us and made a part of this policy.

## C. CONCEALMENT, MISREPRESENTATION OR FRAUD

This policy is void in any case of fraud by you at any time as it relates to this policy. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this policy.

## D. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to the policy at any time during the policy period and up to three years afterward.

## E. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;
2. Give you reports on the conditions we find; and
3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. Such inspections are not safety inspections. We do not undertake any duty to provide for the health or safety of any person. And we do not represent or warrant that conditions:

1. Are safe or healthful; or
2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations on our behalf.

## F. INSURANCE UNDER TWO OR MORE COVERAGES

If two or more of this policy's coverages apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

## G. LIBERALIZATION

If we adopt any revision that would broaden the coverage under this policy without additional premium within 45 days prior to or during the policy period, the broadened coverage will immediately apply to this policy.

## H. OTHER INSURANCE - PROPERTY COVERAGE

1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

## I. OTHER INSURANCE - BUSINESS LIABILITY

If other valid and collectible insurance is available to the insured for a loss we cover under Business Liability Coverage Form, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. **Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of the Business Liability Coverage Form.

When this insurance is excess, we will have no duty to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not brought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

## J. PREMIUMS

1. The first Named Insured shown in the Declarations:

   a. Is responsible for the payment of all premiums; and

   b. Will be the payee for any return premiums we pay.

2. The premium shown in the Declarations was computed based on rates in effect at the time the policy was issued. On each renewal, continuation or anniversary of the effective date of this policy, we will compute the premium in accordance with our rates and rules then in effect.

3. With our consent, you may continue this policy in force by paying a continuation premium for each successive one-year period. The premium must be:

   a. Paid to us prior to the anniversary date; and

   b. Determined in accordance with paragraph 2. above.

   Our forms then in effect will apply. If you do not pay the continuation premium, this policy will expire on the first anniversary date that we have not received the premium.

4. Undeclared exposures or change in your business operation, acquisition or use of locations may occur during the policy period that are not shown in the Declarations. If so, we may require an additional premium. That premium will be determined in accordance with our rates and rules then in effect.

## K. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

1. Applicable to Property Coverage:

   If any person or organization to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:

   a. Prior to a loss to your Covered Property.

   b. After a loss to your Covered Property only if, at time of loss, that party is one of the following:

      (1) Someone insured by this insurance;

      (2) A business firm:

         (a) Owned or controlled by you; or

         (b) That owns or controls you; or

      (3) Your tenant.

   You may also accept the usual bills of lading or shipping receipts limiting the liability of carriers. This will not restrict your insurance.

2. Applicable to Business Liability Coverage:

   If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them. This condition does not apply to Medical Expenses Coverage.

*11002841C75320101 01643

## L. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## M. SUSPENSION IN COVERAGE

This provision is applicable only to the Equipment Breakdown Additional Coverage in the Special Property Coverage Form.

Suspension

When any equipment covered by the Equipment Breakdown Additional Coverage is found to be in, or exposed to a dangerous condition, any of our representatives may immediately suspend the insurance provided by the Equipment Breakdown Additional Coverage against loss or damage to that equipment.

We can do this by mailing or delivering a written notice of suspension to your address as shown in the Declarations, or at the address where the equipment is located. Once suspended in this way, your insurance can be reinstated only by written notice from us. If we suspend your insurance, you will get a pro rata refund of premium. But the suspension will be effective even if we have not yet made or offered a refund.

Our President and Secretary have signed this policy. The Declarations page has also been countersigned by our duly authorized agent.

Brian S. Becker, Secretary

David Zwiener, President

**POLICY NUMBER:** 84 SBA LC7532



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

ADDITIONAL INSURED - MANAGER/LESSOR

JEAN E. JUNER
11 BELLEVUE DRIVE
TREASURE ISLAND, FL 33706

*1100284LC75320101 01644

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

SEP 15 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL COMPUTING, INC., an Illinois corporation; and ZHENDONG LIN a/k/a JONATHAN LIN, an individual,<br><br>Defendants. | ) | Case No.<br><br>05C 5287<br><br>JUDGE DER-YEGHIAYAN<br><br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of Microsoft's copyrights and trademarks by Global Computing, Inc., an Illinois corporation, and Zhendong Lin a/k/a Jonathan Lin, an individual (collectively "Defendants") and to enjoin Defendants' future infringement. Defendants continued to distribute counterfeit and/or infringing Microsoft software and/or related components even after Microsoft informed them of their illegal activity and requested that they cease and desist. By their conduct, Defendants have infringed Microsoft's copyrights trademarks, violated the Lanham Act by falsely designating the origin of software and/or related components, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

EXHIBIT B

THE PARTIES

1. Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant Global Computing, Inc. is an Illinois corporation that does business in this District, including a place of business in Addison, Illinois, and on the Internet. Global Computing, Inc. is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

3. Upon information and belief, defendant Zhendong Lin is an individual who is also known as Jonathan Lin, and who is an officer, shareholder, and/or director of and/or owns, operates, or otherwise controls Global Computing, Inc.. Upon information and belief, Zhendong Lin a/k/a Jonathan Lin resides and transacts substantial business in this District. Upon information and belief, Zhendong Lin a/k/a Jonathan Lin (a) personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and/or (b) derived direct financial benefit from that wrongful conduct.

JURISDICTION

4. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Northern

District of Illinois, (b) Defendants may be found in the Northern District of Illinois, and (c) Defendants have a sufficient connection with the Northern District of Illinois to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity and other components.

8. Microsoft Windows XP Professional: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP ("Windows XP Pro"). Windows XP Pro is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP Pro desktops from network connections. Microsoft holds a valid copyright in Windows XP Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP Pro, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

9. Microsoft Office XP Professional: Microsoft Office XP Professional ("Office XP Pro") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office XP Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office XP Pro, bearing the number TX 5-329-272, is attached hereto as Exhibit 2 and is incorporated by reference. Office XP Pro includes the following popular Microsoft software programs:

A. Microsoft Access 2002, a program that allows users to create and manipulate databases and store data. Microsoft holds a valid copyright in Microsoft Access 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2002, bearing the number TX 5-321-421, is attached hereto as Exhibit 3 and is incorporated by reference.

B. Microsoft Excel 2002, a program that allows users to create spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2002, bearing the number TX 5-318-231, is attached hereto as Exhibit 4 and is incorporated by reference.

C. Microsoft Outlook 2002, a program that allows users and networked teams to create and manage calendars, tasks, and contacts. Microsoft holds a valid copyright in Microsoft Outlook 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2002, bearing the number TX 5-321-422, is attached hereto as Exhibit 5 and is incorporated by reference.

D. Microsoft PowerPoint 2002, a program that allows users to create, organize, and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2002, bearing the number TX 5-318-232, is attached hereto as Exhibit 6 and is incorporated by reference.

E. Microsoft Word 2002, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2002 (including

user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2002, bearing the number TX 5-321-425, is attached hereto as Exhibit 7 and is incorporated by reference.

10. Microsoft has duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

D. WINDOWS FLAG LOGO, Trademark Registration No. 1,816,354, for computers, computer peripherals, and computer programs and manuals sold as a unit;

E. COLORED WINDOWS LOGO, Trademark Registration No. 1,815,350, for computers, computer peripherals, and computer programs and manuals sold as a unit;

F. PUZZLE PIECE LOGO, Trademark Registration No. 1,982,562, for computer programs and instruction manuals sold as a unit;

G. "POWERPOINT," Trademark Registration No. 1,475,795, for pre-recorded computer programs recorded on magnetic disks;

H. "MICROSOFT ACCESS," Trademark Registration No. 1,741,086, for computer programs for use with databases and manuals sold as a unit;

I. "OUTLOOK," Trademark Registration No. 2,188,125, for computers programs, specifically programs providing enhanced electronic mail and scheduling capabilities and instructional manuals sold as a unit.

True and correct copies of the Trademark Registrations for A through I above are attached hereto as Exhibits 8 through 16, respectively, and are incorporated by reference.

**Defendants' Infringement**

11. Defendants are engaged in the advertising, marketing, installation, offering and distribution of computer hardware and software, including programs covered by Microsoft's registered copyright and items bearing Microsoft's registered trademarks or imitations thereof.

12. On or about November 11, 2004, Defendants distributed to an investigator purported Windows XP Pro and/or related components that was analyzed and determined to be counterfeit. In addition, Defendants distributed to an investigator a computer system with an unauthorized copy of Windows XP Pro installed.

13. Microsoft notified Defendants by, among other means, letters dated December 29, 2004, that they had distributed counterfeit Microsoft software and/or components and asked Defendants to cease and desist from such infringing conduct. In addition, Microsoft notified that it had received reports that Defendants had distributed an infringing copy of Microsoft software, installed on a computer hard drive, and that such conduct constitutes an infringement of Microsoft's copyrights and trademarks. Microsoft also asked defendants to cease and desist from this infringing activity.

14. Still, on or about May 12, 2005, Defendants distributed to an investigator a computer system with an unauthorized copy of Windows XP Pro installed. In addition, Defendants distributed to an investigator computer systems with unauthorized copies of Office XP Pro installed. .

15. On information and belief, these distributions were not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related

components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

16. On information and belief, Defendants' wrongful conduct includes the use, advertising, marketing, offering, and/or distribution of "infringing materials," specifically reproductions, counterfeits, copies, or colorable imitations of the Microsoft trademarks, logos, and service mark described in this Complaint.

17. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, Defendants' acts are willful and committed with prior notice of Microsoft's registered copyrights and marks. At a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's copyrights and registered marks.

18. On information and belief, by this conduct, including their advertising activities and unauthorized use of Microsoft's marks to describe the items that they are distributing, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and have infringed Microsoft's copyrights, titles and slogans.

19. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles and slogans.

**Count I**
**[Copyright Infringement – 17 U.S.C. § 501, et seq.]**
**Against All Defendants**

20. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 19, inclusive.

21. Microsoft is the sole owner of Microsoft Windows XP Pro and Office XP Pro software, the related Office suite of software programs, and of all corresponding copyrights and Certificates of Registration.

22. Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows XP Pro and Office XP Pro, and the related Office suite of software programs, by distributing infringing materials in the United States of America without approval or authorization from Microsoft.

23. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

24. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

25. In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

26. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

27. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

Count II
[Federal Trademark Infringement – 15 U.S.C. § 1114]
Against All Defendants

28. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

30. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

31. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

32. The infringing materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

33. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

34. Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

35. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

36. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered, and will continue to suffer, substantial losses. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

37. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). In the alternative, Microsoft is entitled to statutory damages for each counterfeit mark. 15 U.S.C. § 1117(c).

38. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

39. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

**Count III**

**[False Designation Of Origin, False Description And Representation Of Microsoft Packaging--15 U.S.C. § 1125 et seq.] Against All Defendants**

40. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 39, inclusive.

41. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

42. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

43. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software and related components.

44. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with its goods and services.

45. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

46. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

47. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed, installed, or distributed by Defendants. Microsoft has no adequate remedy at law for

Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

**Count IV**
**[Illinois Common Law Unfair Competition]**
**Against All Defendants**

48. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 47, inclusive.

49. The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Illinois.

50. Defendants' conduct as alleged above has damaged and will continue to damage Microsoft and has resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**Count V**
**[Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/1, et seq.]**
**Against All Defendants**

51. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52. The acts and conduct of Defendants as alleged above in this Complaint, constitute unfair competition as defined by 815 ILCS 505/1, et seq.

53. The acts, practices and conduct of Defendants, as alleged herein, constitute unfair and deceptive business practices and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., in that said acts and practices are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software and/or components, distributed, solicited for distribution, offered, advertised, and marketed by

Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

54. As a direct and proximate result of Defendants' acts, practices and conduct, as alleged herein, Microsoft has been and will likely continue to be substantially injured and damaged.

55. Defendants' acts, practices and conduct, as alleged herein, have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**Count VI**
**[Violation of the Illinois Uniform Deceptive Trade Practices Act – 815 ILCS 510/1, et seq.]**
**Against All Defendants**

56. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57. The acts, practices and conduct of Defendants as alleged above in this Complaint are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the items Defendants distribute, and constitute unfair and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.

58. Defendants' acts, practices and conduct as alleged above have been willful and caused and are likely to injure and damage Microsoft.

**Count VII**
**[For Imposition Of A Constructive Trust Upon Illegal Profits]**
**Against All Defendants**

59. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60. Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

61. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

62. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

63. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

**Count VIII**
**[Accounting]**
**Against All Defendants**

64. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 63, inclusive.

65. Microsoft is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

66. Microsoft is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

67. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment against the Defendants as follows:

(1) That the Court enter a judgment against Defendants as indicated below:

(a) that Defendants have willfully infringed Microsoft's rights in the following federally registered copyright under 17 U.S.C. § 501:

(1) TX 5-407-055 ("Windows XP Professional");

(2) TX 5-329-272 ("Office XP Professional");

(3) TX 5-321-421 ("Access 2002");

(4) TX 5-318-231 ("Excel 2002");

(5) TX 5-321-422 ("Outlook 2002");

(6) TX 5-318-232 ("PowerPoint 2002"); and

(7) TX 5-321-425 ("Word 2002");

(b) that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark under 15 U.S.C. § 1114:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

(6) 1,982,562 (PUZZLE PIECE LOGO);

(7) 1,475,795 ("POWERPOINT");

(8) 1,741,086 ("MICROSOFT ACCESS"); and

(9) 2,188.125 ("OUTLOOK");

(c) that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft as defined in 15 U.S.C. § 1125(a);

(d) that Defendants have engaged in unfair competition and deceptive practices in violation of Illinois common law, 815 ILCS 505/1, et seq., and 815 ILCS 510/1, et seq.; and

(e) that Defendants have otherwise injured the business reputation and business of Microsoft by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

(6) 1,982,562 (PUZZLE PIECE LOGO);

(7) 1,475,795 ("POWERPOINT");

(8) 1,741,086 ("MICROSOFT ACCESS"); and

(9) 2,188,125 ("OUTLOOK");

or the software programs, components and/or items protected by the following Certificates of Copyright Registration No:

(1) TX 5-407-055 ("Windows XP Professional");

(2) TX 5-329-272 ("Office XP Professional");

(3) TX 5-321-421 ("Access 2002");

(4) TX 5-318-231 ("Excel 2002");

(5) TX 5-321-422 ("Outlook 2002");

(6) TX 5-318-232 ("PowerPoint 2002"); and

(7) TX 5-321-425 ("Word 2002");

and any other works now or hereafter protected by any Microsoft trademark or copyright;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for

distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component and/or item not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(4) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

(b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C.

§ 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademarks and service mark, or in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark; and

(c) Microsoft's damages and Defendants' profits pursuant to Illinois common law, 815 ILCS 505/1, et seq., and 815 ILCS 510/1, et seq.

(5) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(6) That the Court grant to Microsoft such other and additional relief as is just and proper.

Respectfully submitted,

MICROSOFT CORPORATION, Plaintiff

By: ______________________
One of its Attorneys

Eric D. Brandfonbrener
Ryan B. Whitacre
Bevin M. Brennan
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603
(312) 324-8400

THE HARTFORD

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

October 11, 2005

RECEIVED

OCT 17 2005

Global Computing, Inc.
Attn: Jonathan Lin
1785 Armitage Court
Addison, IL 60101

Insured: Global Computing, Inc.
Policy No.: 84 SBA LC7532
Claimant: Microsoft Corporation
Claim No.: YHK LP 44395
Re: *Microsoft Corporation v. Global Computing, Inc., et al.*
USDC for the Northern District of Illinois, Eastern Division
Case No. 05 C 5287

Dear Mr. Lin:

The Hartford Casualty Insurance Company ("The Hartford") acknowledges receipt of the referenced Complaint against Global Computing, Inc. and you, Jonathan Lin. The Hartford has completed its coverage analysis of the tendered claim with respect to the allegations in the Complaint and the applicable policy language and has determined there is no coverage for the claim. The Hartford will be providing neither a defense to the claim nor indemnity in connection with this matter. This denial of coverage is explained below.

The Complaint:

The Complaint alleges that Global Computing, Inc., on or around November, 2004, sold allegedly counterfeit software and components covered by Microsoft's registered copyright and bearing Microsoft's registered trademark or imitations thereof. The Complaint further alleges that on or around May, 2005, Global Computing, Inc. sold a computer system with an unauthorized copy of Windows XP Pro and Office XP Pro installed thereon. See Complaint, Paras. 12 and 14.

Microsoft asserts causes of action for federal copyright and trademark infringement, false designation of origin, etc., violations of Illinois Unfair Competition, Consumer Fraud and Uniform Deceptive Trade Practices statutes and seeks an imposition of constructive trust upon profits and an accounting thereof. Microsoft is seeking various monetary damages, injunctive relief and attorneys' fees and costs.

EXHIBIT C

Hartford Plaza
Hartford, CT 06115
Telephone 860 547 5000

The Policy:

The Hartford Casualty Insurance Company issued Policy No. 84 SBA LC7532 for applicable Policy Years from 7/11/00 through 7/11/06. Commercial liability coverage is provided under the Insuring Agreement of the Business Liability Coverage Forms SS 00 08 04 01 (Policy Years 7/11/02 – 7/11/06), along with any applicable endorsements.

Coverage Analysis:

Coverage is provided, under the Policy, for "bodily injury" and "property damage" caused by an "occurrence." The Complaint contains no set of facts that would give rise to the potentiality of coverage under the Policies for "bodily injury" or "property damage" and, therefore, there is no need for further discussion of such coverage.

Coverage is also provided for "personal and advertising injury" arising out of an enumerated offense. "Personal and advertising injury" is defined under the coverage form in pertinent part, as " . . . injury . . . arising out of one or more of the following offenses: . . . f. Copying, in your 'advertisement,' a person's or organization's 'advertising idea' or style of 'advertisement;' g. Infringement of copyright, slogan, or title of any literary or artistic work, in your 'advertisement;'. . ." See Coverage Form, Section G. 15.

The Complaint alleges trademark and copyright infringement arising out of the selling of counterfeit copies of software and components that allegedly infringe on Microsoft's products protected by trademark and copyright. There is no claim that damages are attributable to any alleged infringement of "copyright" in the Insured's "advertisement." The alleged infringement is in the product itself, not an "advertisement." Thus the submitted claim does not give rise to a potential claim for "personal and advertising injury" as that term is defined in the Policy.

Even if the allegations were to be construed to allege a "personal and advertising injury," specifically excluded from coverage, however, is "'[p]ersonal and advertising injury' . . . arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury'." See Policy, Section B.1.a.(2). There are no other allegations in the Complaint which give rise to the potentiality of coverage for "personal and advertising injury" as that term is defined in the Policy.

Conclusion:

Based on the foregoing, The Hartford cannot provide Global Computing, Inc. or you, Jonathan Lin, either defense or indemnity for the claims raised in the lawsuit as the facts alleged fail to constitute a loss falling within the Insuring Agreement of the Policy.

This coverage position does not limit any other grounds for disclaiming coverage if the facts or law warrant it. The Hartford's reasoning outlined in this letter should not be interpreted as a waiver of The Hartford right to assert any other terms, conditions, exclusions, policy defenses or limits of liability contained in the policy.

This analysis is based on the information that has been made available to us. The Hartford wants the Insured to receive all benefits to which it maybe entitled under The Hartford policies of insurance. Therefore, if you have any information that The Hartford's position is erroneous or additional materials that should be considered, please forward the same to our attention.

Very truly yours,

James J. Jennings (dacla)

James J. Jennings
Complex Case Manager

Cc: Timothy J. Klein, Esq.
290 Springfield Drive
Bloomingdale, IL 60108

Anderson, Hall, Marsh & Company
Attn: Denise King
1177 N. Warson Road
St. Louis, MO 63132

EXHIBIT

tabbles

B

32929 DAM



# Illinois Department of Financial and Professional Regulation

**Division of Insurance**

**ROD R. BLAGOJEVICH**
**Governor**

**DEAN MARTINEZ**
**Acting Secretary**

**Michael T. McRaith**
**Director**
**Division of Insurance**

November 9, 2005

LAW DEPARTMENT
NOV 14 '05
RECEIVED

RECEIVED
NOV 15 '05
SELECT LITIGATION CLAIM

Hartford Casualty Insurance Company
Hartford Plaza
Hartford, CT 06115

Re: Case #2005MR1355

Gentlemen:

Enclosed please find copy of Summons and Complaint for Declaratory Judgment and for Other Relief received by me as your agent for service of process at 9:30 a.m. on November 8, 2005, in my Chicago office in the case of Global Computing, Inc., an Illinois corporation, and Jonathan Lin vs. your company, et al.

Sincerely,

Michael T. McRaith

Michael T. McRaith
Director of Insurance

MTM:EMC:alt
Enclosure

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

320 W. Washington
Springfield, Illinois 62767-0001
www.idfpr.com

CIRCUIT COURT SUMMONS 3101 (Rev.01/05)

STATE OF ILLINOIS

UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

COUNTY OF DU PAGE

GLOBAL COMPUTING, INC. AN ILLINOIS CORPORATION, AND JONATHAN LIN,
Plaintiff(s)

-VS-

HARTFORD CASUALTY INSURANCE COMPANY, A CONNECTICUT CORPORATION,
Defendant(s)

CASE NUMBER

2005MR001355

COPY

File Stamp Here

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the **Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois** within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.

Dated NOV 0 2 2005

CHRIS KACHIROUBAS Circuit Court Clerk

Clerk of the Eighteenth Judicial Circuit

Name: TIMOTHY J. KLEIN, ESQ.
(Plaintiff or Attorney for Plaintiff)

DuPage Attorney Number: 22615

Address: 290 SPRINGFIELD DR., SUITE 220

City/State/Zip: BLOOMINGDALE, IL 60108

Telephone: (630)893-5200

RECEIVED
STATE OF ILLINOIS
NOV 08 2005
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

Date of Service: ____________________
(To be inserted by officer on copy left with Defendant or other person.)